MAY 6, 1802.

# Armstead Morehead *v.* Richard Prather.

*Upon a writ of error to reverse a judgment of the Bardstown District Court.*

1. Where, by the terms of an obligation for the payment of money, the money is to bear interest from date, the court may, upon default of the defendant, render judgment for debt and interest without the intervention of a jury.

2. Admissions of what is mere matter of law are not binding on the party making them.

3. A delivery bond must recite the amount of the execution truly, and must set forth the principal, interest, and cost separately, otherwise it is defective and will be quashed.

The first error alleged is, "that suit was brought on a note without a penalty for the payment of money, and an office judgment taken, instead of a writ of inquiry, before the passage of the late law." It is objected that this error is not as particularly and precisely alleged as the law requires, and therefore ought not to be regarded by the court. It seems to the court, from the words of the act of assembly, that the assignment of error should be as particular and precise as causes alleged in special demurrers. Admitting this error to be properly assigned, it does not exist. The error complained of is, in substance, that an office judgment has been entered up for *principal* and *interest* upon a single bill, when the *interest* ought to have been ascertained as damages by executing a writ of inquiry, which was the law previous to the passage of the act of 1799, entitled "an act prescribing the mode of calculating interest in certain cases, and for other purposes." But the single bill, upon the face of it, expresses that interest is to be paid from the 1st of September, 1797. A writ of inquiry in this case is unnecessary, *interest* being given by the express contract of the party—the law fixes the rate, and therefore judgment was properly entered for it. The other error insisted on is, that a bond for the delivery of property was legally taken, a motion was made by the plaintiff, in the court below, to quash the said bond, which was overruled, and at a subsequent court another motion was made for the same purpose, and sustained, without notice, not-

withstanding the plaintiff had issued several executions on the said bond, which is an admission on his part that the bond was a legal one. This admission is only a question of *law*, which, in most cases, is not obligatory on the party, and therefore if the bond for delivery of property is defective and illegal, it ought to have been quashed on the first motion. The court is of opinion that the bond is defective and illegal. In the first place, it does not recite the amount of the execution truly; and, secondly, it has blended the principal and interest, when the law requires that the principal interest, and costs shall be distinguished particularly. The district court, by quashing the bond on the second motion, has virtually acknowledged that they erred in refusing to do it on the first. As to the want of notice of the second motion, it seems to the court that notice was unnecessary, as much so as of a motion to correct any other error that had crept into the proceedings of a ministerial officer in carrying a judgment into execution.

Therefore, it is considered by the court that the judgment aforesaid be affirmed; that the defendant may proceed to have the benefit thereof in the court below, and recover of the plaintiff ten per centum damages on the amount thereof, together with his costs in this behalf expended, which is ordered to be certified to the said court.