McKinney J.,
delivered the opinion of the court.
This was an action of ejectment for a tract of land lying in Obion county. The plaintiff failed to recover the premises sued for, and has brought the ease to this court by an appeal in error.
The single question presented by the record before us, is upon the charge of the court in regard to the validity of the defendant’s title.
*675 Each party claims title to the land in dispute, under a grant from the State; and, on the trial, the parties respectively introduced and read in evidence their grants, and likewise the entries upon which they purport to have been founded.
The plaintiff’s entry was made in the entry taker’s office of Obion county, on the 16th of January, 1837, and his grant issued thereon bears date the 13th of July, 1813. The entry under which defendant derives his claim, purports to have been made in the survey- or's office of the 13th surveyor's district, on the 25¿A February, 1835, in the names of William B. Jones and Lycurgus Winchester; and the grant appears to have been issued on the 6th day of July, 1838.
For the plaintiff it is insisted, that although both-his entry and grant are of younger date than the defendants, he has, nevertheless, not only the better, but' the only valid title to the land in controversy — the defendant’s entry and grant being utterly void. And this-is the point to be determined.
The ground upon which the validity of the defendant's title is impeached, is, that at the period of time, the entry upon which the grant is founded, purports to have been made, there was no office open “South and West of the congressional reservation line,” for the reception of entries; and consequently, the entry under consideration was received and placed upon the book of the surveyor’s office of the 13th surveyor’s district, not only without, but directly against the positive authority of law, and is therefore utterly void, as is ' also the-grant issued thereon.
By an act passed at the called session of the gene-- *676 ral assembly in the year 1832, ch. 29, it is provided, § 12, “That the several surveyor’s offices South and West of the congressional reservation line, shall be open for the reception of entries, and the laying down on their general plan the surveys on the same, from and after the 1st day of January next: and that from and after the 1st day of January, 1835, the several offices ■South and West of said line, shall be forever closed: .and all persons failing to present their claims, and make their entries thereon, on or before the said day of ■January, 1835, shall be forever thereafter barred.”
This provision of the act of 1832 remained in force until the session of 1835-6, when two acts were passed of the same date, ch. 45 and 48. „ The 14th sec. ■of the first act provides “ That the several surveyor’s offices South and West of the congressional reservation line, shall be opened from and after the first day of ■September next, for the reception of entries, and the laying down on their general plans the surveys on the same.” But by the first section of the subsequent act, the district surveyor’s offices are declared to be abolished from and after the first day of September, 1836: and by the 3d section, county offices in each county, South and West of the congressional reservation line, are established “for the receiving of entries on the vacant land lying in said counties,” which offices, by the 13th section were to be opened on the 1st of September, 1836.
From this brief review of the legislation upon this ■subject, it is apparent that, in the interval between the first of January, 1835, and the first of September, 1836, there was no authority of law for making an entry *677 within that portion of territory lying South and "West ■of the congressional reservation line.
The proof in this case shows, that within that period, and nearly two months after the office had been closed, and the right of the parties to make an entry declared barred, the supposed entry which constitutes, the foundation of the defendant’s title, was wrongfully spread upon the book of the surveyor of the district.
With reference to the objection taken to the validity of the defendant’s title, upon this ground, the circuit judge instructed the jury, “that whether the defendant’s, entry was available or not from its date, yet being in the office when the office was opened for entries, on. the 1st of September, -1836, it was a good entry from that time, and therefore the defendant’s entry and grant, gave him a good title to the-land, and the jury should, find for the defendant.”
The proposition asserted in this 'instruction, , is not law. There is no recognized principle or authority which sanctions any such doctrine. The supposed entry was surreptitiously received, and placed upon the surveyor’s book, in defiance of the express terms of the statute? and in gross violation of official duly. The act of receiving and recording the paper was not merely a nullity, it was positively forbidden by the statute; and the mere fact of its continuing upon the office book for-any length of time, could not change its character, or impart to it any efficacy whatever. Nothing short of' an express legislative enactment could have had the-effect of legalizing the pretended entry, or of making; it operative for any purpose whatever.
It is clear, therefore, that the entry in question is. *678 utterly void; and of necessity the grant founded upon it must be held void likewise. The case before us is free from all i the supposed difficulties that have embarrassed the question in regard to the jurisdiction of a court of law to declare a grant void. It clearly falls within a principle long recognized in our jurisprudence, as an exception to the general rule upon this subject. The case of an entry attempted to be made, without or against the authority of positive law, is obviously distinguishable from those cases, where the entries were authorized by law, but errors or inequalities intervene in the course of proceeding. See Crutchfield vs. Hammock, 4 Humph., 203. Roach vs. Boyd, 1 Sneed, 135.
The several provisions of the acts of 1832, 1838, and 1836, to which we have been referred, recognizing and seeming the rights of occupants, have no relation to th'e question in this case, and need not, therefore, be- noticed.
Judgment reversed.